IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ALEX WALLS,

          Plaintiff,

v.                                CIVIL ACTION NO. 5:07-cv-00207

LAURA LEMMON and
AMERICAN FIDELITY ASSURANCE COMPANY,

          Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending before the Court is Plaintiff's Motion to Remand [Docket 9]. For the reasons discussed below, Plaintiff's motion to remand is **GRANTED**, his request for costs and fees is **DENIED** [Docket 9], and his Motion to Stay is **DENIED AS MOOT** [Docket 11].

*I. BACKGROUND*

This action arises out of a complaint filed in the Circuit Court of Raleigh County, West Virginia on April 2, 2007. Plaintiff Alex Walls brings this action for misrepresentation concerning his insurance policy coverage. His complaint alleges that Ms. Laura Lemmon, an agent of American Fidelity Assurance Co. (American), led him to believe that the American insurance policy she sold him contained disability coverage for on the job injuries. Plaintiff asserts that he relied on these representations when purchasing the insurance policy.

Plaintiff was subsequently injured on the job when the pavement where he stood collapsed, causing him to fall and injure his back. The complaint alleges that Plaintiff met the "disability"

1

definition under his policy, and that he should have been compensated for the expenses associated with this injury. However, American informed Plaintiff that his coverage excluded work related injuries. Plaintiff consequently filed suit against Ms. Lemmon and American.

American timely removed the case to this Court, and Ms. Lemmon joined in American's notice of removal. (Docket 6 at 1.) Defendants cite 28 U.S.C. §§ 1331, 1441, and 1446 in support of this Court's jurisdiction over Plaintiff's claims. According to Defendants, this Court has federal question jurisdiction over Plaintiff's case because the Employee Retirement and Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, preempts any of Plaintiff's state law claims. Plaintiff has filed a motion to remand asserting that Defendants failed to establish that his insurance policy is an employee welfare benefit plan regulated by ERISA.

## II. APPLICABLE STANDARDS

"'It is a fundamental precept that federal courts are courts of limited jurisdiction,' constrained to exercise only authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking*, 147 F.3d 347, 352 (4th Cir. 1998) (citations omitted). Congress authorizes federal courts to exercise federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Parties are entitled to remove a case from state to federal court if they satisfy the requirements of 28 U.S.C. § 1441.[1]

---

[1] This statute states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Importantly, the burden of establishing federal jurisdiction is on the party seeking removal, and a defendant removing a case on the basis that a plaintiff's state law claims are preempted by ERISA must prove that the policy at issue is an ERISA plan in order to survive a motion to remand. *Keating v. Jefferson Pilot Fin. Ins. Co.*, No. 07-15, 2007 U.S. Dist. LEXIS 27272, at *3 (N.D. Cal. Mar. 28, 2007); *see also Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994); *Kerr v. United Teachers Ass'n*, 313 F. Supp. 2d 617, 618 (S.D. W. Va. 2004) (Chambers, J.). "[T]he evidentiary burden falls 'squarely upon the removing party' seeking the federal forum." *Maggio-Onorato & Assocs. v. AEGON N.V.*, 104 F. Supp. 2d 518, 520 (D. Md. 2000) (citation omitted). Accordingly, in this case, Defendants have the burden to show the existence of federal jurisdiction by a preponderance of the evidence. *Johnson v. Nutrex Research, Inc*., 429 F. Supp. 2d 723, 726 (D. Md. 2006) (citing *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 678 (E.D. Va. 2004)). Moreover, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

### III. DISCUSSION

*A. Federal Question Jurisdiction*

The issue before the Court is whether Defendants properly pled and proved federal question jurisdiction by demonstrating that the insurance policy at issue qualifies as an employee welfare benefit plan under ERISA. Because Defendants offer no evidence in support of its basis for removal, the Court holds that Defendants fail to establish federal jurisdiction.

Under ERISA, an employee welfare benefit plan is defined as:

> [A]ny plan, fund, or program which was heretofore or is hereafter *established or maintained by an employer* or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of

>providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1) (emphasis added). ERISA preempts the application of state law to employee welfare benefit plans. 29 U.S.C. § 1144(a) ("[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."). However, state law may still apply to insurance policies that fall within the "safe harbor" provision of ERISA. *See* 29 C.F.R. § 2510.3-1. This provision describes plans that do not qualify as employee welfare benefit plans and clarifies the meaning of the phrase "established or maintained by the employer." *Hall v. Standard Ins. Co.*, 381 F. Supp. 2d 526, 529 (W.D. Va. 2005) ("When a plan meets these four criteria, it is deemed not to have been established and maintained by the employer, thus it would not meet the requirements of an employee welfare benefit plan."). Specifically, the provision provides:

>Certain group or group-type insurance programs. For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
>>(1) No contributions are made by an employer or employee organization;
>>
>>(2) Participation the program is completely voluntary for employees or members;
>>
>>(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

>   (4)   The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).

"In close cases, courts have looked to the level of the employer's involvement to determine whether a particular plan was established or maintained by an employer." *Kerr*, 313 F. Supp. 2d at 619. *See, e.g.*, *Brown v. Commonwealth Nat'l Life Ins. Co.,* 875 F. Supp. 800 (M.D. Ala.1995); *Randol v. Mid-West Nat'l Life Ins. Co.,* 987 F.2d 1547 (11th Cir. 1993); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999); *Wilson v. Coman*, 284 F. Supp. 2d 1319, 1323 (M.D. Ala. 2003); *Hall v. Standard Ins. Co.*, 381 F. Supp. 2d 526 (W.D. Va. 2005). It must be shown that an employer did more than deduct insurance premiums from its employees' pay and permit the insurer to advertise its policy. *See Kerr*, 313 F. Supp. 2d at 619 (citations omitted). For example, in *Kerr*, the employer allowed several insurance companies to offer optional insurance to its employees, but did not establish a selection committee or process for controlling the insurance solicitation process of its employees and did it not financially contribute to the policies. *Id.* at 619-20. Consequently, in applying the safe harbor provision, the court held that the employee's insurance policy was not an employee welfare benefit plan regulated by ERISA. *Id*. at 620; *see also Brown*, 875 F. Supp. at 803 (ERISA-regulated employee welfare benefit plan did not exist where participation in an insurance policy was voluntary and the employer paid no portion of the premiums).

In contrast, in *Hall v. Standard Ins. Co.*, the court found that an insurance policy was ERISA-regulated where the employer endorsed the policy in the following ways: (1) the employee's plan

identified the employer as the administrator of the plan; (2) the plan included a section advising employees of their rights regarding an ERISA-regulated plan; (3) and the plan specified the employer's responsibilities in establishing and maintaining the plan, including determining member contributions, changing rates in agreement with the insurer, terminating the member policies, distributing certificates to plan members, and providing necessary information to the insurer. 381 F. Supp. 2d at 529.

In this case, Defendants failed to offer *any* evidence that proves Plaintiff's plan qualifies as an ERISA-regulated employee welfare benefit plan. Defendants' notice of removal baldly asserts, without any evidentiary support, that "Plaintiff brings suit to rectify an alleged wrongful denial of benefits promised under an ERISA-regulated plan." (Docket 1 at 4.) In fact, there is not even a copy of the policy in the record. Notwithstanding the absence of any evidence in support of removal, Defendants argue in their response to Plaintiff's motion to remand that Plaintiff's employer endorsed the insurance policy because it selected the plan after meeting with American. Additionally, Defendants argue that Plaintiff's employer paid monthly premiums out of its corporate account and that his employer was responsible for submitting necessary changes to American. These assertions are not evidence, and are therefore of no use to Defendants in meeting their burden on removal. *See, e.g., Thomas v. Burlington Indus., Inc.*, 769 F. Supp. 368, 369 (S.D. Fla. 1991) (citation omitted) ("Argument of counsel in a memorandum of law . . . is not evidence."); *cf. Rountree v. Fairfax County Sch. Bd.*, 933 F.2d 219, 223 (4th Cir. 1991) (unsupported arguments of counsel, absent any evidence such as sworn affidavits accompanying objections to a motion for summary judgment, failed to meet the evidentiary standard necessary to create a genuine issue of material fact).

Defendants claim that Plaintiff's employer's administrative actions are similar to the

employer's in *Hall* and that these actions endorse the insurance policy, and qualify the plan as an ERISA-regulated employment welfare benefit plan. Unlike Defendants in this case, however, the defendants in *Hall* offered exhibits outside the pleadings in support of their motion, and these exhibits were considered by the court in resolving the case. *See* 381 F. Supp. 2d at 528. Here, Defendants have not shown the Court anything, and have only argued in support of their assertion. *See Kerr*, 313 F. Supp. 2d at 620 ("Defendant has failed to show any more involvement by the employer than allowing [the plan] to publicize its insurance and take payroll deductions."). Plaintiff admits in his brief that payment of the premiums on the insurance policy was through a payroll deduction, but that alone is not enough to prove that the plan was established or maintained by Plaintiff's employer. *See id.* Therefore, by offering no evidence in support of removal, Defendants have not satisfied their burden. Because "all doubts about the propriety of removal" must be resolved in favor of state jurisdiction, *Hartley*, 187 F.3d at 425, and because removal jurisdiction raises "significant federalism concerns" and must be strictly construed, *Mulcahey*, 29 F.3d at 151, remand is appropriate. Accordingly, the Court **REMANDS** the case to the Circuit Court of Raleigh County.

    *B. Attorney's Fees and Costs*

Plaintiff next moves that Defendants be required to pay his attorney's fees and costs because of the removal and remand of this action. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Any such award is at the Court's discretion, and may be made whether or not removal was in bad faith. *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). In *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005), the Supreme Court held that "the standard for awarding

fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." In this case, the Court finds that both parties presented plausible arguments regarding the Court's federal question jurisdiction under ERISA. Although Defendants failed to provide evidence in support of its argument, they did not act in bad faith, and had an objectively reasonable basis for removal. Therefore, the Court declines to award Plaintiff attorney's fees and costs.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand [Docket 9] is **GRANTED** and his request for attorney's fees and costs is **DENIED** [Docket 9]. Accordingly, the Court **DENIES AS MOOT** Plaintiff's Motion to Stay [Docket 11]. Further, the Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Remand Order to all counsel of record, any unrepresented party, and a certified copy to the Clerk of the Circuit Court of Raleigh County.

ENTER: October 17, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE